Mr. Justice Bay
delivered the opinion of the court.
After hearing counsel on both sides,- Í was of opinion, and so decreed, that the doctor’s book of original entries' was good evidence, both as to the medicine administered, and of the person at whose instance the services were rendered, upon the authority of the case of Foster vs. Sinkler, (1 Bay 38) where it was determined, that a shop keeper’s book was prima ftcie evidence,' both of the sale and delivery. And so in the case of Maddox ads. Pitman, (Salk. 690) which was assumpsit for a taylor's bill; proof of the band-writing of the servant who made the entries, he being dead, was held sufficient, and Lord Holt held it good, though no proof of the delivery was made. So in the present instance, I thought that the entries made by Dr. Lie-Bride were good proof that Capt. Watts had employed him, and therefore that this case did not come under the Statute óf Frauds. But I was further confirmecFin this opinion by the testimony of the witness, who proved that when the account was tendered to the defendant, he made no objection to it, which was a tacit admission that he had employ - ed the docto?.
*386 There was still another ground in the case, which I thought a good one, to-wit: dial a master of a ship, by the ancient marine law, where a seaman is sick or disabled, is bound ttí provide every thing necessary for his recovery, and has aright to deduct the amount out of his wages.— ■(1 Moll. 351, Laws of Oleron, ch. 6.)
From this decree, there has been an appeal to this court, where the case has been again argued ; where the arguments which had been taken in the com t below were again urged. But I can see no ground for altering the opinion then given in the case, and therefore think the rule, for the new trial, should be discharged.
Justices Colcock, Nott and Gantt, concurred.